UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARNELL JOHNSON, | Civil Action No. 21-7660 (SDW) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**IT APPEARING THAT:**

1. On or about March 20, 2021, Plaintiff, who alleges that he is a federal pre-trial detainee confined in the Essex County Correctional Facility, filed his initial complaint in this matter.  (ECF No. 1).

2. On April 9, 2021, this Court entered an order and memorandum opinion which screened and dismissed that complaint as the sole named Defendant was entitled to absolute sovereign immunity.  (ECF Nos. 2-3).

3. Plaintiff thereafter filed an amended complaint (Document No. 1 attached to ECF No. 4), which this Court also dismissed as Defendants were either immune from suit or Plaintiff failed to plead adequate facts to indicate Defendants were involved in the alleged wrongs.  (*See* ECF Nos. 5-6).

4. Plaintiff has now filed a second amended complaint.  (ECF No. 9).  In that Complaint, Plaintiff once again names two Defendants this Court has dismissed with prejudice – The United States and United States Marshals Service – as well as several state Defendants related to the Essex County Correctional Facility – Essex County; Director Alfaro Ortiz of the Essex County facility, who adopted certain COVID-related policies which Plaintiff believes caused him harm; Warden

1

Guy Cirillo of the Essex County Correctional Facility; and CFG medical services, the medical provider for the jail.  (*Id.* at 5-7).  Although Plaintiff alleges that Ortiz adopted certain policies which affected his time in Essex County, as to the other Defendants he connects them only by vaguely alleging that they "conspired" with Ortiz to enforce these policies or that it is "unrealistic" to believe that Ortiz acted without approval of his supervisors in the form of the County and Warden Cirillo.  (*Id.*).  Plaintiff does not directly allege, however, that either the County or Cirillo actually adopted any policy, but seeks to hold them accountable based solely on his assumption that they "must" have approved of Ortiz's actions – which amounts to little more than a roundabout way of pleading vicarious liability.  As to CFG, Plaintiff pleads only that they removed some medical personnel from the jail during pandemic related lockdowns and that they "conspired" with the others.  (*Id.* at 7).

5.  Because Plaintiff has previously been granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

6.  In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual

allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  A complaint that provides facts "merely consistent with" the defendant's liability it "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6).  *Id.* (quoting *Twombly*, 555 U.S. at 557).  While *pro se* pleadings are to liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

7.  The Court initially notes once again that two of the named Defendants – the United States and the Marshals Service have already been dismissed from this matter with prejudice as they are immune from suit for the civil rights violations Plaintiff alleges and are thus not properly part of this matter.[1]  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 476-77, 484-85 (1994) (the United States

---

[1] Although Plaintiff states that his claims arise out of a litany of different state and federal statutes, as well as the Supreme Court's decision in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971), the actual claims he raises all concern alleged violations of his constitutional rights and thus arise out of either § 1983, *Bivens*, or RLUIPA, rather than the other statutes, such as the Administrative Procedure Act or Federal Tort Claims Act, Plaintiff lists in his complaint.

is immune from suit for constitutional torts, and *Bivens* provides no cause of action against the United States or its agencies); *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687 (1949) (sovereign immunity bars suit against the United States either for damages or for injunctive relief requiring government action); *United States v. Rural Elec. Convenience Co-op. Co.*, 922 F.2d 429, 434 (7th Cir. 1991) (sovereign immunity bars suits seeking damages or coercive injunctive relief); *see also  Hindes v. F.D.I.C.*, 137 F.3d 148, 158-59 (3d Cir. 1998) (federal governmental entities are not "persons" subject to suit in a federal civil rights matter); *see also Gary v. Gardner*, 445 F. App'x 466-67 (3d Cir. 2011) ("the United States Marshals Service is entitled to sovereign immunity from suit" absent an explicit waiver of sovereign immunity).  Both the United States and the Marshals Service are therefore once again dismissed with prejudice.

8.   As to the remaining named Defendants other than Defendant Ortiz, Plaintiff fails to plead adequate facts which would indicate personal involvement in the alleged wrongs.  A defendant in a federal civil rights matter may not be held liable based solely on his role as a supervisor, but instead to be held liable must have had "personal involvement in the alleged wrongs."  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988); *see also Iqbal*, 556 U.S. at 676 (civil rights defendants may not be held liable under *respondeat superior* theory of liability).  This generally requires a plaintiff to plead facts showing either the supervisory defendant's "participation [in the alleged wrong], or . . . actual knowledge and acquiescence [in his subordinate's wrongdoing], to be liable."  *Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015); *see also Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316-20 (3d Cir. 2014), *rev'd on other grounds*, 135 S. Ct. 2042 (2015).  In the case of a municipal defendant or outside contractor, such as Defendants Essex County and CFG Medical Services, a plaintiff must instead plead that

the municipality or contractor adopted a policy, practice, or custom which was ultimately responsible for the alleged violation.  *See, e.g., Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978).  A municipal or corporate policy, practice, or custom must therefore be the "moving force" behind the alleged constitutional violation for a plaintiff to successfully plead a plausible claim for relief as to such a defendant.  *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *see also Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-36 (2010).

9. In this matter, Plaintiff pleads only that Ortiz adopted certain COVID-19 related policies which he believes harmed him during his time as a pre-trial detainee.  He does not directly plead that the other Defendants actually adopted or created policies of their own, but instead seeks to attach liability to the other Defendants by either baldly asserting a conspiracy without alleging the necessary elements of agreement and concerted action, *see Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008); *Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012) ("the bare allegation of an agreement is insufficient to sustain a conspiracy claim"); *Desposito v. New Jersey*, No. 14-1641, 2015 WL 2131073, at *14 (D.N.J. May 5, 2015) (showing that two parties' actions had the same result insufficient to show conspiracy, conspiracy requires showing of actual agreement and concerted action), or by asserting that they "must" have been aware or approved of the policies as Ortiz's supervisor or employer – a claim that boils down to an improper claim of respondeat superior liability which may not be used in a civil rights matter.  *See Iqbal*, 556 U.S. at 676.  As Plaintiff has not pled the actual elements of a conspiracy and connects Defendants Essex County and Cirillo solely through their supervisory or employer relationship to Defendant Ortiz, Plaintiff's claims against them are dismissed without prejudice.  Defendant CFG systems is likewise dismissed without prejudice both because Plaintiff has failed to adequately plead a

conspiracy and because Plaintiff has failed to connect the only action he alleges CFG took – limiting staff in the jail during COVID lockdowns – with any actual harm he suffered.

10.  As to Defendant Ortiz, Plaintiff seeks to make out various § 1983 claims based on jail restrictions placed into effect by Ortiz during the height of the COVID pandemic in 2020. Specifically, Plaintiff alleges that he was confined to his cell for between twenty two and over twenty three hours a day, which he contends amount to a punitive condition of confinement, asserts that the jail denied family visits during COVID lockdowns which he also contends is a punitive condition of confinement, that limitations on in person religious services violated both his First Amendment rights and his rights under the RLUIPA, that *some* prisoners had limited access to their attorneys because attorney visits were limited to phone or video calls which some attorneys felt were not secure enough to use, and that the COVID lockdowns resulted in limited medical staff and facility access including access to dental visits, and thus amounted to deliberate indifference to medical needs.

11.  With the exception of Plaintiff's two punitive conditions of confinement claims related to jail lockdowns and family visitation, each of these claims suffer from the same chief deficiency – Plaintiff pleads general ills without any reference to how he was actually affected by the alleged limitations.  He does not plead any actual untreated or mistreated medical condition that he suffered, he does not plead that he himself has any sincerely held religious beliefs that were violated, nor does he plead that he was actually incapable of communicating or meeting with his own attorney or that he requested and was denied such contact.  This lack of individualized factual allegations of actual constitutional harm to *Plaintiff himself* is fatal to his claims.  *See, e.g., Holt v. Hobbs*, 574 U.S. 352, 360-61 (2015) (RLUIPA claim requires pleading facts indicating that Plaintiff's own sincerely held religious beliefs were infringed); *Natale v. Camden Cnty. Corr.*

*Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (deliberate indifference to medical needs requires pleading of facts showing the plaintiff had a serious medical need which Defendants were aware of and recklessly disregarded); *DeHart v. Horn*, 227 F.3d 47, 51-52 (3d Cir. 2000) (First Amendment free exercise of religion claim requires allegations of a sincerely held religious belief by the plaintiff). Plaintiff's non-conditions of confinement claims are therefore dismissed without prejudice.

12.   In his final claim, Plaintiff contends that he was subjected to improperly punitive conditions of confinement in violation of the Fourteenth Amendment when Defendant Ortiz imposed restrictions confining prisoners to their cells for the majority of their days and denying in person family visits during COVID related lockdowns. In evaluating claims of punitive conditions of confinement, "[t]he touchstone for the constitutionality of detention is whether conditions of confinement are meant to punish." *Hope v. Warden York County Prison*, 972 F.3d 310, 325-27 (3d Cir. 2020). In the absence of a showing that detention facility staff acted with an express intent to punish the petitioner, determining whether conditions amount to unconstitutional punishment requires that the district court "consider the totality of the circumstances of confinement, including any genuine privations or hardship over an extended period of time, and whether conditions are (1) rationally related to their legitimate purpose or (2) excessive in relation to that purpose." *Id.* In evaluating restrictions imposed in light of the novel COVID-19 pandemic, courts should "ordinarily defer" to the expertise of jail officials unless there is "substantial evidence in the record that the officials have exaggerated their response" to the situation. *Id.* Given the novelty of the COVID-19 pandemic, the need to protect detainees from the virus, the deference due to jail officials determinations, and the general proscription that courts should avoid turning emergency responses to an unexpected pandemic into a constitutional violation without just cause, the Third

Circuit has held that lock down conditions of the sort about which Plaintiff complains will not amount to punitive conditions of confinement where they were imposed as part of concrete steps aimed at mitigating the threat posed to detainees by the COVID-19 virus. *Id.* at 327-29.  Although Plaintiff's complaint makes much of the fact that family visits were limited or eliminated for a period of time and that he has at times been confined to his cell for most of the day, the certification of Director Ortiz he attaches to his complaint clearly indicates that these steps were taken as part of a comprehensive plan to address the dangers of the COVID-19 pandemic.  In light of that fact, the documents Plaintiff has provided indicate that the imposed restrictions are in fact rationally related to a legitimate purpose – controlling the threat of COVID-19 – and the conditions imposed are therefore not punitive in nature. *Id.*  Plaintiff's conditions of confinement claims are therefore dismissed without prejudice as well.

14.   In conclusion, Plaintiff's claims against the United States, and the United States Marshals Service are once again **DISMISSED WITH PREJUDICE**, and the remaining claims in Plaintiff's second amended complaint are all **DISMISSED WITHOUT PREJUDICE**.   An appropriate order follows.


Dated: October 15, 2021

<u>*s/Susan D. Wigenton*</u>
Hon. Susan D. Wigenton,
United States District Judge
